MONTGOMERY *v.* LITTLE.

Opinion delivered June 15, 1901.

COUNTY CLERK—INCREASE OF POPULATION SINCE LAST CENSUS.—An election of a county clerk in a county whose population since the previous census has increased sufficiently to entitle it to a county clerk, held before the director of the census published the result of the census, is void, but after the result has been published the governor is authorized to fill the office of county clerk by appointment, to be in force and effect until the next general election thereafter.

Appeal from Miller Circuit Court.

JOEL D. CONWAY, Judge.

STATEMENT BY THE COURT.

The appellant, Montgomery, was appointed by the governor clerk of the county of Miller and *ex officio* clerk of the court of probate of said county of Miller on the 31st of October, 1900. The appellant, J. D. Sanderson, at and before the time of the appointment of Montgomery, held the office of circuit clerk, and *ex officio* clerk of the probate and county courts, of said county of Miller, claiming title by virtue of his election to the office of circuit clerk on September 3, 1900. At said election, Sanderson had received a majority of the votes cast.

The appellee, Little, also claims that he was elected to the office of county and probate clerk at the election in September, 1900, and on the 8th of November, 1900, filed his complaint against both Montgomery and Sanderson, asking to establish his title to said office. Montgomery filed his answer to appellee's complaint, setting up his appointment by the governor. Sanderson filed a demurrer and answer to said complaint. The court overruled the demurrer, to which Sanderson excepted. Montgomery filed his complaint against Sanderson, claiming the office by virtue of his appointment by the governor.

The cases were tried together on the same evidence, and judgment was rendered in favor of Little against Montgomery and Sanderson, and the complaint of Montgomery against Sanderson dismissed, to which judgment, as to himself, Montgomery saved exceptions. The case comes up by appeal to this court.

*Appellant Montgomery, pro se.*

Upon the showing made by the federal census, the offices became separate, and could no longer be filled by the same person. Const. art. 19, § 6; 14 Ark. 1; 48 Ark. 82; 172 U. S. 567. The governor had the power to appoint, to fill the vacancy. Amendment to Const. April 4, 1893; 60 Ark. 356; 32 Pac. 850; 23 S. W. 343; 61 Am. Dec. 334; 18 Mo. 333; 30 Am. & Eng. Corp. Cas. 299; 33 Am. Rep. 791; 9 Pa. St. 513; 49 Ga. 115; 44 Ga. 79; 2 Stew. 231; 5 Nev. 111; 37 Cal. 650; 7 Ind. 329; 8 *ib.* 344; 10 *ib.* 63; 20 *ib.* 169; 96 *ib.* 374; 113 *ib.* 234; 16 N. E. 384. Sanderson could not be the legal incumbent of both offices after their separation. 30 Am. & Eng. Corp. Cas. 281; *id.* 353; 44 N. W. 726; 45 *id.* 1101; 89 Pa. St. 419; 50 Mo. 317; 7 Ind. 329; 5 Nev. 111; 67 Cal. 116. The election of Little, having taken place purely in anticipation of a legal vacancy, and before the official announcement of the result of the census, is invalid. 21 S. E. 973; 101 N. C. 629; S. C. 8 S. E. 219; 10 Mass. 290, 304; 25 Wis. 416; 16 Kan. 109; 41 N. J. Law, 296; 18 Ind. 346; 91 N. Y. 616; 3 S. W. 614; 44 Mich. 89; S. C. 16 N. W. 110; Mech. Pub. Off. 108, 109, § 174.

*Jno. N. Cook, L. A. Byrne* and *O. D. Scott,* for appellant Sanderson.

The election under which appellee claims was invalid and unauthorized. The *"census"* referred to in the constitution means the *officially* reported census. *See* Century Dict.; Worcest. Dict.;

Webst. Dict.; Bouv. Dict.; 48 N. E. 1025. Words are to be given their usual meaning when used in like connection. 51 Ark. 540; 47 Miss. 367; 121 Ind. 70. The office was not vacant, and neither election nor appointment was proper. 106 Ind. 203; 1 Ind. 500; 4 Ind. 396; 8 Ind. 484; 20 Ind. 169; 75 Ind. 518; 38 Ind. 483; 37 Cal. 614; 18 Mo. 333; 9 Mich. 226; 25 Oh. St. 588. *Cf.* 28 Cal. 382; 37 Cal. 614; 49 Cal. 407; 66 N. W. 885; 27 Pac. 939. The old incumbent has the right to hold the office until the election of his successor in the manner prescribed by law; and the appointment by the governor was unauthorized. 44 Oh. 589; 9 Pa. St. 513; 84 Mich. 399; 116 Mich. 307; 46 Ind. 307; 113 Ind. 434; 64 N. H. 473; 18 Mo. 333; 25 Oh. St. 588; 18 Gratt. 85; 58 Ga. 512; 39 Md. 88. The third amendment to the constitution of Arkansas, giving the governor power to fill vacancies by appointment, must be construed in connection with the whole constitution, and, when so construed, does not give him any right to remove a constitutional incumbent. 9 Ark. 270; 52 Ark. 339.

*Williams & Arnold,* for appellee.

The census, for the purposes of the question here, was complete as soon as the official count showed the population of Miller county to be over 15,000; and in the case at bar the information upon which the special election was held was sufficient to authorize it. 64 Cal. 87; 55 Tex. 389. One disqualified under the constitution to hold office at the time of his election is eligible if the disability be removed before the issuing of certificate and taking possession of office. McCrary, Elect. § 341; 28 Wis. 96; 9 Am. Rep. 489; 26 Kan. 52; 40 Am. Rep. 301; 50 Wis. 103; 14 Wis. 497; 24 Ill. App. 609; 90 Ind. 294; 107 Ind. 374; 122 Ind. 113; 44 Ia. 639. The notice of the election was ample and legal. 50 Ark. 277; 33 Ark. 716; 49 Ark. 518; McCrary, Elect. 147.

HUGHES, J., (after stating the facts). The question is, which of these three was entitled to the office of probate and county clerk of Miller county?

Appellant Montgomery contends that there was a vacancy in the office when it was first officially shown by the last federal census that said county had a population exceeding 15,000; that this was first legally shown on the 3d day of October, 1900; that the governor had the right to fill it by appointment, and that appellee Little was not legally elected to said office; that when it was officially ascertained by the last federal census that the county of Miller had a population exceeding 15,000, the offices of circuit

clerk and county and *ex officio* clerk of the probate court of said county became and were separate, and could not be held by one person. The provision of the constitution under which this controversy arises is as follows: Section 19, art. 7: "The clerks of the circuit court shall be elected by the qualified electors of the several counties for the term of two years, and shall be *ex officio* clerks of the county and probate courts and recorder; provided, that in any county having a population exceeding fifteen thousand inhabitants, as shown by the last federal census, there shall be elected a county clerk, in like manner as a clerk of the circuit court, who shall be *ex officio* clerk of the probate court of said county." The amendment to the constitution of the state of April 4, 1898, under which Montgomery was appointed is as follows: "The governor shall, in case a vacancy occurs in any state, district, county or township office in the state, either by death, resignation or otherwise, fill the same by appointment, to be in force and effect until the next general election thereafter."

It is not our purpose to discuss at length the questions raised by this appeal, as they have recently been considered and decided in the case of *Childers* v. *Duvall*, *ante* p. 336, in which it is held that "on the 3d day of October, 1900, the director of the census, by the publication of a bulletin, made known that the population of Lawrence county exceeded 15,000. This was the first time it was lawfully made known, and official notice could have been taken of the fact; and soon after the governor filled the office of clerk of the county court of that county by appointing T. M. Duvall county clerk. The appointment was lawfully made." It appears in the case at bar that on the 3d of October, 1900, the director of the census, by the publication of a bulletin, made known that the population of Miller county exceeded 15,000. This was the first time it was lawfully made known, and that official notice could have been taken of the fact; and soon thereafter the governor appointed Jas. M. Montgomery county clerk. The appointment was legal. *Childers* v. *Duvall*, *ante*, p. 336.

The judgment of the court dismissing Montgomery's complaint is reversed, and the finding and judgment in favor of Little is reversed, and the cause is remanded, with instructions to enter judgment for the appellant Montgomery for the office of county clerk of Miller county, and to ascertain the fees and emoluments he is entitled to recover, and to enter judgment in his favor for same.