BLYTHEVILLE v. RAY.

Opinion delivered January 16, 1928.

1. CRIMINAL LAW—JUDICIAL NOTICE.—Courts take judicial notice of the latest United States census.

2. MUNICIPAL CORPORATIONS—AUTHORITY TO ESTABLISH MUNICIPAL COURT.—Under Acts 1927, c. 60, § 1, authorizing all cities having a population exceeding 9,300, according to the latest preceding census to establish municipal courts, the city of Blytheville having a population of less than 7,000, under the preceding United States census, was not authorized to establish a municipal court, although at the time an ordinance establishing such court was passed, it is conceded that the population exceeded 9,300.

Appeal from Mississippi Circuit Court, Chickasawba District; *G. E. Keck,* Judge; affirmed.

*Ivy W. Crawford,* for appellant.

*Crowder & Cooper,* for appellee.

KIRBY, J. This appeal challenges the validity of an ordinance of the city of Blytheville, Arkansas, attempting to establish a municipal court in that city under the provisions of act No. 60 of the Acts of the General Assembly of 1927.

In October, 1927, the city council of that city, by ordinance No. 353 duly passed, established the municipal court for said city in accordance with the provisions of said act of the General Assembly.

Appellees, two girls, were arrested for a misdemeanor alleged to have been committed outside the city limits of Blytheville, in Chickasawba Township, in which Blytheville is situated. They were convicted in the municipal court, and on appeal to the circuit court they challenged the authority of the municipal court as not legally established.

It was conceded that, at the date of the passage and approval of said Act No. 60 of 1927, and at the time of the passage of the ordinance No. 353 establishing the municipal court, and also at the time of the trial, the city of Blytheville had an actual population exceeding 9,300.

The court held that the municipal court was not legally established, and from the judgment this appeal is prosecuted.

Section 1 of the Act No. 60 of 1927, in accordance with which the ordinance No. 353 establishing the municipal court was passed, provides:

"Section 1. All cities having a population exceeding 9,300 according to the latest preceding United States census, and all townships and counties within which are situated any of such cities, shall be subject to the provisions of this act, provided, that any city which may hereafter become subject to the provisions of this act may establish a municipal court by passage of an ordinance by the city council of such city creating and establishing such court under the provisions of this act."

This act prescribes "the latest preceding United States census" as the guide or criterion for determining the population of the cities coming under its provisions and those that may thereafter become subject thereto, being prospective in its operation. *Childers* v. *Duvall,* 69 Ark. 336, 63 S. W. 802; *Montgomery* v. *Little,* 69 Ark.

392, 63 S. W. 993; *Ark-Ash Lumber Co.* v. *Pride & Fairley,* 162 Ark. 235, 258 S. W. 335; *McLaughlin* v. *Ford,* 168 Ark. 1108, 273 S. W. 707.

At the trial it was conceded that the population of the city of Blytheville was in excess of 9,300 at the time of the passage of said act No. 60 of 1927, and also when the ordinance was adopted and the municipal court established thereunder; but, according to the latest United States census, of 1920, of which the courts take judicial notice, and by which only the population of the city of Blytheville could be determined for the establishment of the municipal court, under the provisions of said act of the Legislature, the population of that city was less than 7,000, being 6,447 as shown by said census.

The city was without the power, under the said act, to establish the said municipal court by ordinance, unless and until its population was shown to exceed 9,300 "according to the latest preceding United States census," and the ordinance attempting to do so was beyond its power, and void.

The ordinance being void, the municipal court was not legally established, and had no power to render judgment against the defendants, as the circuit court on appeal correctly held.

The judgment is affirmed.